United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Eliezer Taveras and Nathan Taveras, Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 21-20660-Civ-Scola |
| Ocwen Loan Services, Inc. and others, Defendants. | ) ) ) | |

### Order Granting In Part and Denying in Part Emergency Motion

This cause is before the Court upon the Plaintiffs Eliezer Taveras and Nathan Taveras's emergency motion for an order granting leave to amend the complaint. The Court has considered the motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the motion is **granted in part and denied in part. (ECF No. 31.)**

**1. Background**

This matter involves the Plaintiffs' claims against their mortgagor Ocwen Loan Services and its successors related to a state-court consent judgment in favor of Defendants allowing for the judicial sale of the Plaintiffs' property. The Plaintiffs filed their nine-count complaint on February 17, 2021. (ECF No. 1.) On March 16, 2021, the Defendants jointly filed a motion to dismiss the complaint in its entirety. (ECF No. 15.) The Plaintiffs' response to the motion was due on March 30, 2021, however, no response was ever filed nor was an extension of time filed. Instead, on April 12, 2021, the Plaintiffs filed an amended complaint. (ECF No. 25.) The next day, the Plaintiffs filed an emergency motion seeking a temporary restraining order and preliminary injunction against the Defendants to enjoin them from foreclosing on the Plaintiffs' property. (ECF No. 26.) The Court promptly denied the motion for failure to comply with Local Rule 7.1 and struck the amended complaint for noncompliance with Federal Rule of Civil Procedure 15. (ECF No. 27.) The order also extended, sua sponte, the deadline to respond to the motion to dismiss to April 19, 2021. (ECF No. 28.)

The Plaintiffs have filed a second emergency motion for leave to amend their complaint. (ECF No. 31.) The motion represents that a ruling is needed by April 16, 2021 to avoid the entry of a writ of possession being entered in the parallel state-court proceeding. (*Id.* at 4.) Alternatively, the Plaintiffs seek a two-day extension to file their response to the Defendants' motion to dismiss.

(*Id.* at 1.) The motion is opposed (*Id.* at 2.)

### 2. Analysis

The Plaintiffs' emergency motion for leave to amend is denied on two grounds: the Plaintiff fails to explain why granting leave to amend constitutes an emergency under Local Rule 7.1(d) and additionally, the motion for leave to amend is deficient as the Plaintiff did not comply with Local Rule 15.1.

Local Rule 7.1(d)(1) directs that a filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id.* The filer, moreover, must "certify that the matter is a true emergency" by including certain language above the motion's signature block. Here, the motion contains the necessary signature block but fails to explain the reason for the expedited ruling and thus, may be denied on this basis alone. *United States v. Vasquez*, No. 16-CR-60296-BB, 2020 WL 5946466, at *1 (S.D. Fla. Oct. 7, 2020) (Bloom, J.) The Plaintiffs contend that leave to amend the complaint is urgent because the Defendants have moved for a writ of possession in the parallel state case. However, the motion does not explain why the filing of an amended complaint is necessary to stop those proceedings from going forward or the writ from being issued. Indeed, the state-court proceedings have continued moving forward despite the filing of the operative complaint. *See Taveras v. U.S. Bank National Association et al*, Case No. 17-20857 (Fla. 11th Cir. Ct.) Additionally, the Plaintiffs are cautioned that the filing of any other non-compliant emergency motions may result in sanctions against the Plaintiffs. *Vazquez*, 2020 WL 5946466, at *1.

Moreover, Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id.* If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Local Rule 15.1 requires that a motion to amend "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Fla. L.R. 15.1.

Here, the Plaintiff filed the subject motion 27 days after the filing of the

motion to dismiss. "The twenty-one day time period under Rule 15 is triggered as soon as a responsive pleading or a motion under 12(b) is served." *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017) (Torres, MJ) (citing to Fed. R. Civ. P. 15(a)(1)). Accordingly, the Plaintiff requires leave from Court to file the subject motion. Leave is denied. Although the motion indicates that the amended complaint will change the relief sought from the Defendants, and add new causes of action, the motion does not include the proposed amended complaint nor does the motion set forth facts that would comprise the new allegations or counts. (ECF No. 31 at 5.) *Pelletier v. Estes Groves, Inc.*, No. 16-14499-CIV, 2018 WL 4208327, at *1 (S.D. Fla. May 30, 2018) (Marra, J.) (denying motion to amend for failure to attach proposed amended complaint).

The Plaintiffs' alternative request for a two-day extension to respond to the motion to dismiss is granted. The response is due by no later than **April 21, 2021**. The Plaintiffs may renew their request for leave to amend in their response in opposition. At which time the Court will address whether amendment is appropriate under the circumstances.

The Clerk's Office is directed to mail a copy of this order to the pro se Plaintiffs at the email address and mailing address below.

**Done and ordered** in Miami, Florida, on April 15, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Nathan Taveras
Nathantaveras799@hotmail.com
15465 SW 19 Way
Miami, FL 33185

Eliezer Taveras
Etaveras2020@gmail.com
15465 SW 19 Way
Miami, FL 33185