United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eliezer Taveras and Nathan Taveras, Plaintiffs | )<br>)<br>) |
| v. | ) Civil Action No. 21-20660-Civ-Scola<br>) |
| Ocwen Loan Services, Inc. and others, Defendants. | )<br>) |

### Order Denying Emergency Motion

This cause is before the Court upon the Plaintiffs Eliezer Taveras and Nathan Taveras's emergency motion for a temporary restraining order and preliminary injunction. (ECF No. 36.) The Court has considered the motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the motion is **denied. (ECF No. 36.)**

This matter involves the *pro se* Plaintiffs' claims against Ocwen Loan Services and its successors related to a state-court consent judgment in favor of Defendants allowing for the judicial sale of the Plaintiffs' property. The Plaintiffs filed their nine-count complaint on February 17, 2021. (ECF No. 1.) On March 16, 2021, the Defendants jointly filed a motion to dismiss the complaint in its entirety. (ECF No. 15.) Chiefly, the Defendants argue that dismissal of this action is appropriate because the Court lacks jurisdiction over this case, the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, or alternatively precluded by res judicata. (*Id.*). The Plaintiffs did not timely respond, instead, the Plaintiffs filed an amended complaint. (ECF No. 25.) The next day, the Plaintiffs filed an emergency motion seeking a temporary restraining order and preliminary injunction against the Defendants to enjoin them from foreclosing on the Plaintiffs' property. (ECF No. 26.) The Court denied the motion for failure to comply with Local Rule 7.1, struck the amended complaint for noncompliance with Federal Rule of Civil Procedure 15, and sua sponte extended the deadline to respond to the motion to dismiss to April 19, 2021. (ECF No. 27.) The Plaintiffs conventionally filed a second emergency motion for leave to amend the complaint or alternatively, moved for extension of time to respond to the motion to dismiss. (ECF No. 31.) The Court denied the motion in part because it failed to explain the reasons why the Plaintiffs needed an expedited order on their motion for leave to amend and granted the Plaintiffs' request for an extension of time to respond to the motion to dismiss. (ECF No. 32.)

The Plaintiffs have now filed a third emergency motion seeking a

temporary restraining order and preliminary injunction against the Defendants. (ECF No. 36.) The motion is **denied**.

The Plaintiffs claim that in parallel proceedings in the Eleventh Judicial Circuit in and for Dade County, the court entered a consent and stipulation of final judgment of foreclosure and a certificate of title in favor of the Defendants. (ECF No. 36 at 3, ECF No.1-5.) Later, the Plaintiffs challenged the foreclosure proceedings and the Defendants simultaneously moved for a writ of possession over the property. (ECF No. 36 at 3) Those disputes are set to be heard before the state court on April 26, 2021. (*Id.*) The Plaintiffs argue that they are at risk of being evicted from their home and thus seek an emergency entry of a temporary restraining order or preliminary injunction. (*Id.* at 4.) The motion does not specify exactly what relief is sought; however, the Court interprets the motion to seek an order staying the state court proceedings.

Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti–Injunction Act." *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006). No congressional act appears to expressly allow the injunctive relief the Plaintiffs seek. *See Bey v. Bank of New York Mellon*, No. 17-81054-CIV, 2017 WL 11456570, at *1 (S.D. Fla. Sept. 22, 2017) (Dimitrouleas, J.) (denying emergency petition for writ of prohibition and for stay of writ of possession pending review in state court); *see also Blum v. JPMorgan Chase & Co.*, No. 15-80466-CIV, 2015 WL 3463056, at *1 (S.D. Fla. May 1, 2015) (Cohn, J.) (denying motion for preliminary injunction to enjoin judicial sale of the plaintiff's home in connection with a state court proceeding).

Additionally, the Plaintiffs' claims appear to be barred by the *Rooker-Feldman* doctrine due to the consent judgment entered against the Plaintiffs in the state court case. *Bey*, 2017 WL 11456570, at *1; *see also Ferrer v. Bernanke*, No. 13-22975-CIV, 2013 WL 12106192, at *1 (S.D. Fla. Sept. 16, 2013) (Mcaliley, MJ), *report and recommendation adopted sub nom. Ferrer v. Bernake*, No. 13-22975-CIV, 2014 WL 12536978 (S.D. Fla. Sept. 2, 2014) (Martinez, J.) (recommending emergency motion for temporary injunction be denied because it is likely that the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine, explaining "[w]ithout doubt, if this Court were to enjoin the foreclosure of Mr. Aluart's property, this would 'effectively nullify' the state court's judgment of foreclosure.").

Lastly, to the extent the Plaintiffs' argue that the Court erred in denying

emergency leave to amend because the Plaintiffs did conventionally file the proposed amended complaint (ECF No. 34 at 1), that argument is unavailing. Before the Court can determine whether an amendment is appropriate under the circumstances, the Court must ascertain whether any amendment would be futile. *Captain v. Bank of Am., NA*, No. 18-60130-CIV, 2018 WL 7291056, at *2 (S.D. Fla. Aug. 13, 2018) (Altonaga, J.). Here, there are threshold issues that must be determined before the Court can grant leave to amend, namely, whether the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. Accordingly, the parties must complete their briefing on the motion to dismiss to avoid the potential of futility of amendment. *Id.* (denying motion to amend because there was a question of whether the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine, therefore the Court ordered the parties to complete briefing on motion for judgment on the pleadings to avoid the filing of a futile amended complaint). The *pro se* Plaintiffs are reminded that their response in opposition is due by **April 21, 2021**.

For these reasons, the Plaintiffs' emergency motion for a temporary restraining order or motion for preliminary injunction is **denied**. **(ECF No. 36.)**

**Done and ordered** in Miami, Florida, on April 19, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Nathan Taveras
Nathantaveras799@hotmail.com
15465 SW 19 Way
Miami, FL 33185

Eliezer Taveras
Etaveras2020@gmail.com
15465 SW 19 Way
Miami, FL 33185