United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eliezer Taveras and Nathan Taveras, Plaintiffs<br><br>v.<br><br>Ocwen Loan Services, Inc. and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 21-20660-Civ-Scola<br>)<br>)<br>) |

### Order Granting Motion to Dismiss

This cause is before the Court upon the Defendant Ocwen Loan Servicing, LLC ("Ocwen"), U.S. Bank National Association, U.S. Bank National Association, as Trustee for the GSAMP Trust 2006-HE6 Mortgage Pass-Through Certificates, Series 2006-HE6, and U.S. Bank National Association, as Trustee for the GSAMP Trust 2006-HE6 Mortgage Pass-Through Certificates, Series 2006-HE6 c/o Ocwen Loan Servicing, LLC's (collectively "U.S. Bank") joint motion to dismiss (ECF No. 15) and the Plaintiffs Eliezer Taveras and Nathan Taveras's motion for leave to amend the complaint (ECF No. 26.) The Court has considered the motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the motion to dismiss is **granted (ECF No. 15)** and the motion for leave to amend is **denied (ECF No. 42)**.

### 1. Background

In this case the *pro se* Plaintiffs attempt to avoid a foreclosure judgment entered against them in state court in 2018 by claiming that the Defendants violated a litany of federal and state statutes in their prosecution of the state foreclosure action.

In 2006, Maria Sanchez, a non-party, purchased the subject property, which is located in Miami-Dade County. (ECF No. 1 ¶ 30.) At the time, the property was encumbered by a mortgage held by OwnIt Mortgage Solutions. (*Id.* ¶ 31.) In 2009, Mortgage Electronic Registering Systems ("MERS"), as nominee OwnIt recorded an assignment of mortgage transferring the note and mortgage to U.S. Bank. (*Id.* ¶ 39.) In 2014, Sanchez transferred title to the property to Plaintiff Eliezer Taveras, as Trustee for the Taveras Family Irrevocable Trust. (*Id.* ¶ 30.)

Beginning in 2012, the Plaintiffs allege, U.S. Bank, the mortgagor, and Ocwen, the loan servicer, conspired to unlawfully acquire title or interest in the subject property, including multiple attempts to foreclose on the property. (*Id.* ¶ 44.) In 2018, and in furtherance of this scheme, U.S. Bank filed a foreclosure

action against Sanchez and Taveras as trustee in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County. (*Id.* ¶ 61.)

On September 30, 2018, pursuant to the advice of counsel, the Eliezer Taveras as trustee and Sanchez signed a consent and stipulation to entry of final judgment of foreclosure (ECF. 1-2 at 73.) The parties agreed that the mortgage holder would not seek a deficiency judgment against Sanchez, the Defendants would not take any action to cancel or vacate the foreclosure sale, and would release Ocwen and their successor from any and all liability elated to these claims. (*Id.* at 74.) On October 1, 2018, the state court held a trial during which she accepted the consent judgment and disposed of the case. (ECF No. 1 ¶ 83.) Counsel for Eliezer Taveras was not present at that trial. (*Id.* ¶ 86.) Counsel later explained that a trial, in the traditional sense, did not occur because of the consent judgment and that he was not aware when the consent judgment was formally accepted by the state court. (ECF No. 1-23 at 77.) On May 22, 2019, Eliezer Taveras, as trustee, transferred title to the property to the Plaintiffs in this action in an attempt to "save their home." (ECF No. 1 ¶ 99.) In July 24, 2019, the state court entered a certificate of title of the subject property in favor of U.S. Bank. The Plaintiffs appealed the state court's orders to the Third District Court of Appeal, although, that appeal was voluntarily dismissed.

The Plaintiffs filed a 9-count complaint, chiefly alleging that the state court lacked jurisdiction to enter the foreclosure judgment, the assignment of mortgage in favor of U.S. Bank was fraudulent, U.S. Bank and Ocwen deceived Eliezer Taveras and Sanchez in order to convince them to execute the consent judgment, and that their constitutional rights were violated. (ECF No. 1.)

### 2. Analysis

The Defendants jointly move to dismiss the complaint in its entirety as barred by the *Rooker-Feldman* doctrine, for lack of jurisdiction, and failure to state a claim.

#### A. *Rooker-Feldman*

The *Rooker-Feldman* doctrine applies and strips the district court of jurisdiction over all of the claims in the Plaintiffs' complaint. *See Sanchez v. Ocweb Loan Servicing, LLC*, 840 F. App'x 419, 420 (11th Cir. 2020) (citing *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069–70 (11th Cir. 2013)). The *Rooker-Feldman* doctrine is a jurisdictional rule that bars lower federal courts from reviewing state-court judgments. *See Id.* (citing *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262–64 (11th Cir. 2012)). It precludes "state-court losers" from subsequently filing a case in federal court and inviting a district court to review and reject that judgment, *Nicholson v. Shafe*, 558 F.3d

1266, 1273 (11th Cir. 2009) (citation omitted), or to make a determination that would "effectively nullify" that judgment, *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation omitted).

The Plaintiffs argue that they are not seeking to nullify the state court judgments because they voluntarily dismiss Count II, which seeks a declaration that the foreclosure judgments are invalid and that the Plaintiffs are entitled to equitable relief. (ECF No. 41 at 9.) This argument is unavailing because in other counts, the Plaintiffs effectively seek to nullify the state court judgements. For example, Count I of the complaint states: "Plaintiffs seek a declaration that the State Court did not have power to enter [final judgment of foreclosure], and that the [consent foreclosure judgment] is null and avoid ab initio." (ECF No. 1 at ¶ 110.)

The Plaintiffs also argue that the *Rooker-Feldman* doctrine does not apply because the foreclosure action was not adjudicated on its merits, the Plaintiffs were unable to learn of the fraudulent conduct until after they signed the consent judgment, and that their claims before this Court are not inextricably intertwined with the state court proceedings because the state judgments are void. The Court addresses each argument in turn and notes that these arguments were denied by the Eleventh Circuit in a related action filed by Maria Sanchez, a party to the state court proceedings at issue in this case.

First, *Rooker-Feldman* requires only a state-court judgment, not a trial. *Sanchez*, 840 F. App'x at 420; *see also Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331–32 (11th Cir. 2001) (applying the *Rooker- Feldman* doctrine to a state-court grant of summary judgment). Here, the Plaintiffs attached the consent judgment to the complaint and alleged that the state court entered a final judgment of foreclosure stating: "this action was tried before the Court at the Non-Jury Trial on October 1, 2018." (ECF No. 1 ¶ 88.) See *Sanchez*, 840 F. App'x at 421 (denying argument that *Rooker-Feldman* only applies where there is a trial and applies against Sanchez because she "attached the final state-court judgment to her complaint, and, even more detrimental to Sanchez's argument, that judgment states that the case 'was tried before the Court at the Non-Jury Trial.'").

Second, the Plaintiffs' fraud claims are not independent from the state court proceedings as they stem from the same exact facts. Indeed, the Defendants note that the Plaintiffs raised the same arguments in the state court proceedings and those arguments were denied. *Id.* Relatedly, the Plaintiffs' final argument that the two proceedings are not intertwined because the state judgments are void fails because that argument was rejected in the state court and *Rooker-Feldman* prevents this Court from making a determination on the invalidity of that judgment.

Because the Court finds that the Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, the Court need not discuss the Defendants' remaining arguments.

### B. Leave to Amend

The Plaintiffs alternatively seek leave to amend their complaint to state with more specificity that they seek to rescind the consent judgment, and add a RICO claim, and for injunctive relief. (ECF No. 42 at 3.)

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, the court must provide substantial justification if it denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274. A court has substantial justification to deny a timely motion for leave to amend if it finds: 1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; 2) the amendment would cause undue prejudice to the opposing party; or 3) the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion seeking leave to amend the complaint is futile if the proposed amendments would not survive a motion to dismiss or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Upon review of the proposed amended complaint, the Court finds that the causes of action raised therein are barred by the *Rooker-Feldman* doctrine because they do not fail to cure the deficiencies described above, chiefly, the relief sought would effectively nullify the state-court judgments, and the claims are inextricably intertwined with the state court judgment. All of the proposed amended claims essentially challenge the validity of the consent judgment and the representations made during its negotiation. Should the Plaintiffs be successfully on any of their claims, the Court would have to find that the documents central to the judgment were fraudulent or that the Plaintiffs consented under duress or that that judgment was the result of fraud. *Grante v. Quiroga*, No. 616CV1871ORL41GJK, 2017 WL 11113316, at *3 (M.D. Fla. Jan. 13, 2017) (Kelly, J.) (denying motion for leave to amend because the proposed amended claims were barred by the *Rooker-Feldman* doctrine). Because the counts in the amended complaint are barred by the *Rooker-Feldman* doctrine, an amendment would be futile, and as such, the Plaintiffs' motion is denied.

### 3. Conclusion

For these reasons, the Defendants' motion to dismiss **(ECF No. 15)** is **granted** and the Plaintiffs' motion for leave to amend is **denied (ECF No. 42)**. The Plaintiffs' claims are dismissed without prejudice and the Clerk of the Court is directed to **close** this case and deny all pending motions as moot. The Clerk is also directed to mail a copy of this order to the Plaintiffs at the email and mailing addresses below.

**Done and ordered** in Miami, Florida, on April 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

Copies furnished to:
Nathan Taveras
Nathantaveras799@hotmail.com
15465 SW 19 Way
Miami, FL 33185

Eliezer Taveras
Etaveras2020@gmail.com
15465 SW 19 Way
Miami, FL 33185