United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Eliezer Taveras and Nathan Taveras, Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 21-20660-Civ-Scola |
| Ocwen Loan Services, Inc. and others, Defendants. | ) ) ) | |

### Order Denying Motion for Reconsideration

This cause is before the Court upon the Plaintiffs Eliezer Taveras and Nathan Taveras's (the "Plaintiffs") motion for reconsideration. (ECF No. 46.) The Court has considered the motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the motion is **denied. (ECF No. 46.)**

This matter involves the *pro se* Plaintiffs' claims against Ocwen Loan Services and its successors (the "Defendants") related to a state-court consent judgment in favor of Defendants. The Plaintiffs filed a complaint in this division alleging that the state court lacked jurisdiction to enter the foreclosure judgment, the assignment of mortgage in favor of U.S. Bank was fraudulent, U.S. Bank and Ocwen deceived them in order to convince them to execute the consent judgment, and that their constitutional rights were violated. (ECF No. 1.)

This Court dismissed the action because the Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine. (ECF No. 43.) In its order, the Court noted that the Eleventh Circuit came to the same conclusion in an almost-identical case filed by Maria Sanchez (co-owner of the subject property) against the Defendants. *See Sanchez v. Ocweb Loan Servicing, LLC*, 840 F. App'x 419, 420 (11th Cir. 2020). Here too, the Plaintiffs are improperly asking this Court to nullify the state court's judgment by requesting that the property be held in a constructive trust to their benefit.  The Plaintiffs now seek reconsideration of the Court's order. (ECF No. 46.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is

manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

The Plaintiffs argue that the Court has misunderstood their position: they are not seeking to have the consent judgment nullified rather they are seeking a constructive trust. (ECF No. 46 at 3.) However, in the same breath the Plaintiffs claim that "in order to sue Defendants, they need first to get the Consent [judgment] declared rescinded, and they have successfully pleaded the need for such declaration on the ground of impossibility of performance and fraud."(*Id.* at 3-4.) This argument weighs against reconsideration because it is one that was already denied by the Court in its earlier order. *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (Gold, J.) (recognizing that reconsideration motions may not be used "to ask the Court to rethink what the Court ... already thought through—rightly or wrongly.").

Next, the Plaintiffs argue that it is manifest injustice to permit Defendants to "enjoy the best of both worlds." (ECF No. 46 at 6.) By this, the Plaintiffs mean that the Defendants received the benefit of a trial in the state court but denied the Plaintiffs notice and access to same, thereby violating their rights to appear or have counsel present at trial. This Court likewise denied this argument because the claims are wholly dependent on the state court proceedings and thus barred by *Rooker-Feldman.* Ironically, it is seemingly lost on the Plaintiffs that this action constitutes their own attempt of having "the best of both worlds" by seeking to avoid a consent judgment filed in state court, which they signed with the advice of counsel.

In sum, the Plaintiffs' motion simply repackages and rehashes the arguments advanced in opposition to the motion to dismiss. The Plaintiffs fail to identify any intervening change in law or facts, nor any manifest injustice in the Court's prior ruling.

For these reasons, the motion for reconsideration is **denied** and this case shall remain **closed**. The Clerk of the Court is directed to mail and email this order to the addresses provided below.

**Done and ordered** in Miami, Florida, on May 10, 2021.

Robert N. Scola, Jr.
United States District Judge

Copies furnished to:

Nathan Taveras
Nathantaveras799@hotmail.com
15465 SW 19 Way
Miami, FL 33185

Eliezer Taveras
Etaveras2020@gmail.com
15465 SW 19 Way
Miami, FL 33185